UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————— x
Michael Doyle,                              :   Case No.: _____
                                            :
                    Plaintiff,              :
                                            :   Jury Trial Demanded
     vs.                                    :
                                            :
Diversified Adjustment Service, Incorporated :  **COMPLAINT**
                                            :
                                            :   June 3, 2019
                    Defendant.              :
———————————————————— x

Michael Doyle ("Plaintiff" or "Mike"), by and through undersigned counsel, states as follows:

## JURISDICTION

1.   This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.   Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this District, Plaintiff resides in this District, and as a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

4.   Plaintiff is a natural person who at all relevant times resided in the County of New London, Connecticut.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6. Upon information and belief, Defendant Diversified Adjustment Service, Incorporated. is a corporation that does business in Connecticut and with its principal place of business located at 600 Coon Rapids Blvd., Coon Rapids, MN 55433.

7. The principal purpose of the Defendant is the collection of debts using the mail and telephone in interstate commerce.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

9. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt with Eversource Energy, in the approximate amount of $172.18.

11. Sometime thereafter, the debt ("the Debt") was consigned, assigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

12. Defendant reported the debt on the Plaintiff's credit report.

13. The reporting of a debt to a credit reporting agency by a debt collector is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely a debt for utility services in the Plaintiff's name.

15. Sometime after incurring the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

16. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

17. On or about December 8, 2018, Defendant mailed or caused to be mailed a letter to Plaintiff.

18. Defendant mailed the letter dated December 18, 2018 as a part of their efforts to collect the Debt.

19. The letter referred to in Paragraph 16 states that the "total amount due" is $172.18.

20. The letter referred to in Paragraph 16 states that the letter is "from a debt collector attempting to collect a debt."

21. Plaintiff received the letter referred to in Paragraph 16 in the mail on or about December 8, 2019.

22. Plaintiff read the letter referred to in Paragraph 16 upon receipt of the letter in the mail.

23. The letter referred to in Paragraph 16 was sent in connection with the collection of the Debt.

24. The letter referred to in Paragraph 16 conveyed information regarding the Debt including the balance due, Defendant's internal account number for the Plaintiff's Debt, and a demand for payment.

25. Plaintiff placed a call to the Defendant's telephone number XXX-XXX-0268 on March 19, 2019 at approximately 8:01pm to dispute the debt.

26. An agent for the Debt collector did not ask for any further additional details as to the reason why the Plaintiff was disputing the debt.

27. Plaintiff examined his Transunion credit report on May 20, 2019 and found that Defendant had re-reported the account for the debt to the Transunion credit bureau in April 2019.

28. When the Defendant re-reported the debt after it was disputed by the Plaintiff, the Defendant failed to list the debt as "disputed by consumer" despite being required to do so under the FDCPA.

29. The Defendant failed to report the debt as disputed in its reporting to Transunion since the date that the Plaintiff told the Defendant that he disputed the debt.

30. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes with the Defendant.

31. Defendant's collection activity has caused Plaintiff to incur actual damages, including but not limited to confusion, stress, and anxiety.

32. Plaintiff has a statutory right not to be subject to unlawful debt collection activity against him.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

### 15 U.S.C. § 1692 et *seq.*

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

34. In their attempts to collect the alleged debt from the Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, but not limited, to the following:

   a. Communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8).

   b. The threat to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

 c. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

 d. A debt collector may not use any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

 e. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant for:

 A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for annoyance, anxiety, and inconvenience;

 B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

 A. Such other relief as the Court may deem just and proper.

Dated June 3, 2019            Respectfully submitted,

                /s/ Kenneth R. Davison
                Kenneth R. Davison, Esq.  (ct29644)
                Action Advocacy PC
                One Crouch Street
                Groton, CT 06340
                Telephone: (860) 449-1510
                Facsimile: (860) 449-8046
                Email: ken@actionadvocacy.com
                Counsel for Plaintiff

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Doyle

**(b)** County of Residence of First Listed Plaintiff  New London
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth R. Davison, Action Advocacy, P.C., One Crouch St., Groton, CT 06340; (860) 449-1510

## DEFENDANTS
Diversified Adjustment Service, Incorporated

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692(k) – Fair Debt Collection Practices Act

Brief description of cause:
Violations of the Fair Debt Collection Practices Act by a Debt Collector

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 10,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 06/02/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kenneth R. Davison

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____